■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY SVITZER, Appellant.—Judgment, Supreme Court, Bronx County, rendered May 20, 1974, convicting defendant after a jury trial of manslaughter in the second degree (Penal Law, § 125.15) and possession of a weapon as a misdemeanor (Penal Law, § 265.05, subd 9) and sentencing him thereunder, is reversed and the indictment dismissed, on the law and the facts and in the interest of justice. The criticisms of the Judge's charge appear to be in the nature of appellate counsel's afterthoughts; trial counsel nowhere hinted that the charge was insufficient in these respects; and we think the charge was correct and fair. But on the facts in this case we think that reasonable doubt exists as a matter of law as to the defense of justification. Appellant, having slapped his girl friend in the street, was set upon by a gang of youths; after a fight in which he was beaten, he ran away. He ran into a bar and was pursued by the youths. Defendant said he asked for a back way out and was told "No. Get away from here." In panic he asked if he could buy a knife to defend himself and this of course was refused. The decedent leaped at him from behind an air conditioner, and appellant seized a knife and stabbed decedent four times, one of the wounds being fatal. Appellant ran from the bar, got a taxicab to a subway station where he immediately approached the nearest transit police officer and weepingly told the police officer he had just stabbed a man. Upon these facts we are unable to say that the evidence excluded a reasonable doubt as to whether the defendant reasonably believed that his attackers were about to use unlawful deadly physical force against him (Penal Law, § 35.15, subd 2), and thus the indictment must be dismissed. *(People v Ledwon,* 153 NY 10, 17–18.) Concur —Kupferman, J. P., Silverman, Capozzoli and Lane, JJ.; Nunez, J., dissents in the following memorandum: I would affirm. Defendant stands convicted on a jury verdict amply supported by the evidence. Although my colleagues' memorandum states that the reversal is "on the law and the facts and in the interest of justice" it is quite obvious that the reversal is on the law as stated in the last sentence of the memorandum. The evidence clearly established that the defendant fatally stabbed the decedent with a butcher knife. And he stabbed him not once, but four times. The defendant's claim that his victim was armed was completely repudiated by the jury. A claim, incidentally, put forward not by the defendant's testimony at the trial nor by any witness on his behalf, but by defendant's prior statements to an Assistant District Attorney and to the Grand Jury—a very convenient way of avoiding damaging cross-examination before the jury. We must conclude that the victim was unarmed except for his bare hands. In these circum-

stances, how the majority concludes as a matter of law that the defendant reasonably believed that his attacker was about to use deadly physical force against him and that defendant was therefore justified in fatally stabbing him four times with a butcher knife completely escapes me. Appellate Judges should not substitute their findings for those of the jury merely because they do not agree with the verdict. To do so would undermine our basic system of trial by jury. The defendant admits killing his victim. The interest of justice cries out for an affirmance of his conviction rather than a reversal.